### 30630. LAMB et al. v. BRYAN.

INGRAM, Justice.

This is a will case from Turner County. Appellants caveated the alleged will of Y. L. Lamb, deceased, which the appellee offered for probate in solemn form in the Probate Court of Turner County. The judge of that court ruled for the propounder and the caveators appealed to the superior court where a de novo trial was had before a jury and the presiding judge. The jury's verdict was also adverse to the caveators and after judgment in favor of the probate of the alleged will was entered in the superior court, this appeal was filed by the caveators.

The jury was instructed "to determine whether or not Y. L. Lamb executed the alleged will and if so whether or not he had the mental capacity to execute the will." The

capacity of the testator to execute the will is not an issue on appeal. The enumeration of errors attacks the superior court's judgment on the grounds that no evidence was introduced that the alleged will was executed with the formalities required by law and "that there was never introduced into evidence an original or copy of the alleged will . . ."

In their brief appellants argue that since the appellee did not place into evidence at the trial the alleged will, there can be no presumption that it was executed in the manner prescribed by law for the execution of wills. See Code Ann. § 113-301, and *Glenn v. Mann*, 234 Ga. 194 (214 SE2d 911) (1975). Thus, appellants seek a reversal of the trial court's judgment based solely on their contention that the propounder did not prove the will and the judgment is therefore a nullity.

The transcript does show the original will was not offered in evidence at the trial. However, the following stipulation was made by the parties through their counsel during the trial: "The Court: It has been stipulated by counsel for both sides that the copy of the will, which copy is attached to the pleadings in this case, is a true and correct copy of an alleged will which is the subject matter of this lawsuit, which original is on file in the Probate Court of Turner County. Is that the stipulation, Mr. Wardlow? Is that the stipulation, Mrs. Bryan? Mr. Wardlow: Yes, your Honor. Mrs. Bryan: Yes, sir."

We regard this stipulation as a solemn admission made in judicio sufficient to relieve the propounder from offering the original will into evidence. See Code Ann. § 38-114. The copy of the will stipulated by the parties as a true and correct copy of the original shows the will has a full attestation clause and creates a presumption that it was executed in accordance with law. See cases collected in 1 Redfearn, Wills and Administration in Georgia (3d Ed.) p. 155, § 80. The trial judge referred to the copy of the will attached to the pleadings in his instructions to the jury and specifically charged the jury as follows:

"The attestation of the will before you for your consideration is in due form and recites the statutory requirements. I charge you that this attestation clause raises a presumption that the will was executed as

required by law and as to whether that presumption has been overcome is entirely for you to determine from all the evidence, the facts and circumstances of this case, both by the evidence produced by the propounder and the evidence produced by the caveators."

At the conclusion of the court's charge, the trial judge invited counsel for both sides to state any objections they might have to the charge. Counsel for the caveators was asked, "as attorney for the caveators, do you have any objections to the court's charge?" Counsel replied, "None, Your Honor." If counsel objected to the jury's consideration of the copy of the will attached to the pleadings as evidence and to the court's submission of the case to the jury with the presumption that the original will had been executed in the manner prescribed by law, the time to make known those objections was at the trial. No objections were made during the trial or at the conclusion of the court's jury instructions. Hence, we find no error in the judgment entered on the jury's verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1976 — DECIDED JANUARY 28, 1976 — REHEARING DENIED FEBRUARY 11, 1976.

*Cheryle T. Bryan, Roberts, Roberts & Rainwater, David N. Rainwater,* for appellants.

*Floyd H. Wardlow, Jr.,* for appellee.